# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2861 | **DATE** | September 29, 2004 |
| **CASE TITLE** | Moriarty, et al v. Tareq Korkis and Elite Parking Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐     Filed motion of [ use listing in "Motion" box above.]

(2) ☐     Brief in support of motion due _____.

(3) ☐     Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐     Ruling/Hearing on _____ set for _____ at _____.

(5) ☐     Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐     Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐     Trial[set for/re-set for] on _____ at _____.

(8) ☐     [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐     This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
        ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■     [Other docket entry]   Defendants' motion for partial summary judgment [20-1] is denied. Defendants' motion to strike the affidavit of Christopher P. Kogut [24-1] is denied. Plaintiff's motion for summary judgment [16-1] is denied. A status hearing in this case is set for October 27, 2004 at 11:00 a.m., at which time a trial date will be set. ENTER MEMORANDUM OPINION.

(11) x     [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| X | Notices MAILED by judge's staff. | | SEP 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOCKETED

SEP 3 0 2004

THOMAS J. MORIARTY, Trustee o/b/o          )
the TEAMSTERS LOCAL UNION NO. 727          )
PENSION FUND et al.,                       )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )          No. 02 C 2861
                                           )
TAREQ KORKIS and ELITE PARKING,            )
INC.,                                      )
                                           )
          Defendants.                      )

## MEMORANDUM OPINION

Before the court are plaintiff's motion for summary judgment, defendants' motion for partial summary judgment, and defendants' motion to strike an affidavit.  For the reasons explained below, each motion is denied.

## BACKGROUND

This action for unpaid employee benefit plan contributions is brought pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and § 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132.  Plaintiff Thomas J. Moriarty is the Trustee of the Teamsters Local Union No. 727 Pension Fund, Health & Welfare Fund, and Legal & Educational Assistance Fund (the "Funds").  Plaintiff seeks a judgment compelling defendants Elite Parking,

31

Inc. ("Elite") and its president and sole shareholder, Tareq Korkis, to pay delinquent contributions owed to the Funds.

In August 1999, Korkis, who was doing business as T & K Enterprises ("T & K"), entered into a collective bargaining agreement with the Auto Livery Chauffeurs, Embalmers, Funeral Directors, Apprentices, Ambulance Drivers and Helpers, Taxicab Drivers, Miscellaneous Garage Employees, Car Washers, Greasers, Polishers and Wash Rack Attendants Union, Local 727. The agreement required T & K to make contributions to the Funds. In November 1999, Elite Parking, Inc. was incorporated and took over T & K's business.

In April 2002, plaintiff brought the instant action for contributions due to the Funds in addition to interest, liquidated damages, audit costs, attorney's fees, and court costs. In June 2002, this court granted plaintiff's motion to compel defendants to submit to an audit. An audit was conducted the following month.

Plaintiff now moves for summary judgment; defendants cross-move for partial summary judgment.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). In considering such a motion, the court construes the
evidence and all inferences that reasonably can be drawn therefrom
in the light most favorable to the nonmoving party. See Pitasi v.
Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "Summary
judgment should be denied if the dispute is 'genuine': 'if the
evidence is such that a reasonable jury could return a verdict for
the nonmoving party.'" Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d
1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 248 (1986)). The court will enter summary
judgment against a party who does not "come forward with evidence
that would reasonably permit the finder of fact to find in [its]
favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569
(7th Cir. 1995).

## A.   Defendants' Motion for Partial Summary Judgment

### 1.   Tareq Korkis

Defendants' first argument is that Tareq Korkis is not an
"employee" on whose behalf the Funds may properly seek
contributions. In their reply brief, however, defendants indicate
that subsequent to the filing of their principal brief, the Supreme
Court held in Raymond B. Yates, M.D., P.C. Profit Sharing Plan v.
Hendon, 124 S. Ct. 1330, 158 L. Ed. 2d 40 (2004), that a president
and sole shareholder of a corporation could qualify as an ERISA
pension plan participant. Accordingly, defendants withdraw their
argument regarding Tareq Korkis.

## 2. Peter and Adnan Gorgees

Defendants assert that the undisputed facts establish that Peter and Adnan Gorgees, defendant Tareq Korkis's brothers, were part-time employees who worked less than 36 hours per week and less than ten days per month. According to defendants, the Pension Fund therefore is entitled to no contributions for these employees, and the applicable contributions to the Health & Welfare and Legal & Educational Assistance Funds should be calculated using the lower contractual part-time employee rates. Defendants submit the affidavits of Tareq Korkis and Adnan Gorgees, who state that Peter and Adnan (1) did not have regularly scheduled days or hours of work at Elite; (2) generally worked from 5 to 20 hours per week; (3) did not work 36 or more hours per week over any 120-day period; and (4) did not work 10 or more days per month. (Defendants' Local Rule 56.1 Statement, Exs. 2 & 3, Declarations of Tareq Korkis and Adnan Gorgees.) Korkis admitted in his deposition, however, that neither Elite nor T & K maintained employee time records. (Plaintiff's Local Rule 56.1 Statement, Ex. 4, Transcript of Deposition of Tareq Korkis, at 20.)

Plaintiff submits Elite's payroll records and the report pertaining to the audit of the payroll records and argues that the it can be determined from pay records that Peter and Adnan Gorgees were full-time employees. Plaintiff points out that defendants failed to keep time records. According to plaintiff, the

declarations of Korkis and Gorgees are not credible because Peter and Adnan Gorgees were paid roughly the same compensation as Korkis, who is not contesting his full-time status.

Where a fund is unable to prove damages with specificity because of an employer's failure to keep adequate records, summary judgment against a fund is not appropriate. See Laborers' Pension Fund v. A & C Envtl., Inc., 301 F.3d 768, 783 (7th Cir. 2002). Instead, the evidentiary burden shifts to the employer. Defendants have produced the declarations of Korkis and Adnan Gorgees; plaintiff maintains that those declarations are not credible in light of the payroll records. Issues of credibility cannot be resolved on a motion for summary judgment. See Wolf v. Buss (Am.) Inc., 77 F.3d 914, 922 (7th Cir. 1996). Defendants' motion for partial summary judgment therefore will be denied.

## B.  Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment based on the payroll audit report, maintaining that the report demonstrates that contributions to the Funds are due on behalf of five employees in addition to Korkis and his brothers. With the audit report, plaintiff submits the affidavit of Christopher P. Kogut, who was not one of the auditors. Mr. Kogut states that he was formerly employed by the firm that conducted the audit, Thomas Havey LLP ("Havey") and that he reviewed the audit report and Havey's file pertaining to defendants. Mr. Kogut's affidavit includes

information about the records on which the audit report is based and describes the results of the audit.

Defendants object to the admission of the audit report and move to strike the Kogut Affidavit, arguing that the affidavit is not based on Mr. Kogut's personal knowledge, but rather a review of the documents, and that the audit report thus is unauthenticated. We agree that the audit report has not been properly authenticated. At trial, plaintiffs should be prepared to lay a proper foundation for the audit report with testimony regarding how the audit was conducted and what records the auditors reviewed. That said, although the Kogut Affidavit does not provide a sufficient basis to grant plaintiff summary judgment, we decline to strike it.

Plaintiff's motion for summary judgment will be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment is denied. Defendants' motion to strike the affidavit of Christopher P. Kogut is denied. Plaintiff's motion for summary judgment is denied.

A status hearing in this case is set for October 27, 2004 at 11:00 a.m., at which time a trial date will be set.

DATE:      September 29, 2004

ENTER:     _____

John F. Grady, United States District Judge